UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE LAFLAM,<br><br>      Plaintiff,<br><br> v.<br><br>MARK HILLMAN et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01039-LK<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff Adrienne LaFlam's motion for a temporary restraining order. Dkt. No. 2. For the reasons explained below, the Court denies the motion and dismisses the complaint.

## I. BACKGROUND

Ms. LaFlam brings this action against King County Superior Court and its judicial officers, Judge Patrick Oishi, Commissioner Mark Hillman, and Commissioner Jonathan Lack. Dkt. No. 5. She challenges a May 15, 2025 court order that bans her from contacting her children without paid professional supervision. *Id.* at 2. Ms. LaFlam alleges that the order was issued without an evidentiary hearing and ignored her financial hardship and request for disability accommodations.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT - 1

1  *Id.* Because Ms. LaFlam lacks the financial resources to hire a paid professional to supervise her
2  contacts with her children, she contends that the King County Superior Court's order is a de facto
3  termination of custody without a finding that she is unfit. *Id.* She further alleges that the King
4  County Superior Court's actions are unfair, discriminatory, and retaliatory, and seeks an order
5  from this Court enjoining the state court's order, thereby restoring some contact with her children
6  and ensuring that her rights under the Americans with Disabilities Act are respected. She also seeks
7  protection from further retaliation and reimbursement of her legal costs. *Id.* at 2, 5–6.

8  On June 2, 2025, Ms. LaFlam moved for a temporary restraining order. Dkt. No. 2. The
9  next day, Judge Tsuchida granted her application to proceed *in forma pauperis* but recommended
10 that the complaint be screened under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No.
11 4.

## II. DISCUSSION

### A. Jurisdiction

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because Ms. LaFlam brings a civil rights claim under 42 U.S.C. § 1983 and claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12132 (nondiscrimination in public services), 12203 (prohibiting retaliation and coercion). Dkt. No. 5 at 4–5.

### B. Request for Emergency Relief

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The Court may issue a temporary restraining order without notice to the adverse party *only if* two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant "certifies in writing any efforts made to give notice and the

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT - 2

reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Even assuming without deciding that she satisfied the first condition, Ms. LaFlam did not meet the second of these conditions. *See generally* Dkt. No. 2. And "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied," then "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Ms. LaFlam did not do that either. For this reason alone, Ms. LaFlam is not entitled to the emergency injunction that she seeks.

C.   ***Younger* Abstention**

*Younger* abstention also bars Ms. LaFlam's claims. In federal question cases such as this one where the domestic relations exception does not apply, *Bailey v. MacFarland*, 5 F.4th 1092, 1095 (9th Cir. 2021), federal courts rely on abstention principles to refrain from hearing disputes that would involve adjudicating domestic matters, *see, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 690 (1992) (abstention is appropriate "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody"); *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (affirming abstention and dismissal of action challenging ex-spouse's interference with child custody; holding that abstention is appropriate "when the core issue involves the status of parent and child or husband and wife"); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and *a fortiori*, right of visitation . . . the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter." (quotation modified)).

The type of abstention that applies here is *Younger* abstention, under which federal courts abstain "from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT - 3

(citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). A party seeking to enjoin ongoing state proceedings must demonstrate that there is an applicable exception to the Anti-Injunction Act and an exception to the *Younger* doctrine. *See, e.g.*, *Cook v. Harding*, 190 F. Supp. 3d 921, 934–35 & n.11 (C.D. Cal. 2016) (explaining that the "Anti-Injunction Act prevents federal courts from enjoining pending state court litigation unless the case satisfies a specific statutory exception."). Ms. LaFlam asserts a Section 1983 claim, which is an exception to the Anti-Injunction Act. *Id.* But no there is no exception to *Younger* abstention here, which applies if the state proceeding (1) is ongoing, (2) implicates important state interests, and (3) provides the plaintiff an adequate opportunity to litigate her federal claims. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). There is also "a vital and indispensable fourth element: the policies behind the *Younger* doctrine must be implicated by the actions requested of the federal court." *Id.*

Each requirement is satisfied here. First, there is an ongoing state court proceeding. For the purposes of *Younger* abstention, the critical question is whether the state proceedings were underway before initiation of the federal action. *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987). The state proceeding was underway before this proceeding, and it is still ongoing—the state court noticed a hearing on July 10, 2025 to determine whether to extend the order Ms. LaFlam seeks to have enjoined. Dkt. No. 2 at 10.[1]

Second, Ms. LaFlam seeks federal intervention into an ongoing state dispute over child custody and visitation, which "undoubtedly implicates important state interests." *Burns v. Burns*, No. C20-1352-RAJ, 2021 WL 2156615, at *3 (W.D. Wash. May 27, 2021); *see also Moore v.*

---

[1] To the extent any state court proceedings are no longer ongoing, the Court notes another limitation on its jurisdiction: the *Rooker–Feldman* doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *See Benshoof v. Fauci*, No. C22-1281-LK, 2022 WL 4465782, at *4 (W.D. Wash. Sept. 26, 2022).

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT - 4

*Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (similar).

"The third prong is satisfied unless state procedural law bars presentation of Plaintiff's federal claims." *Burns*, 2021 WL 2156615, at *3. Federal courts "must assume that state procedures afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003). Ms. LaFlam has not argued that state procedural law bars her claims or that she cannot appeal the state court's decision based on her constitutional concerns. *See Benshoof*, 2022 WL 4465782, at *3.

And last, for the reasons described above, the policies behind the *Younger* doctrine are implicated by Ms. LaFlam's request to enjoin the state court order, which involves child visitation rights. *Burns*, 2021 WL 2156615, at *3 (abstaining from enjoining custody proceedings because "it is clear that this Court's involvement would enjoin state family law proceedings in a way that *Younger* disapproves."); *H.C.*, 203 F.3d at 613 (observing that a Section 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle is "precisely the type of case suited to *Younger* abstention").

In sum, because Ms. LaFlam seeks "federal intervention into an ongoing state domestic dispute," *H.C.*, 203 F.3d at 613, the Court finds that *Younger* abstention is appropriate.

**D.    Leave to Amend is Not Appropriate**

"Once it is determined that an injunction is not warranted on *Younger* grounds, there is nothing more for the federal court to do. Hence, dismissal (and only dismissal) is appropriate." *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004). Accordingly, in cases seeking only injunctive or declaratory relief and where *Younger* applies, courts deny leave to amend as futile. *See, e.g.*, *Roshan v. Lawrence*, No. 20-CV-04770-AGT, 2021 WL 151979, at *8 (N.D. Cal. Jan. 18, 2021) (denying leave to amend on futility grounds after concluding that *Younger* barred the

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT - 5

suit); *Maney v. Winges-Yanez*, No. 6:13-CV-00981-SI, 2014 WL 5038302, at *5 (D. Or. Oct. 8, 2014) ("Where *Younger* abstention is appropriate, leave to amend is not appropriate" even "under the lenient pleading standards afforded to pro se plaintiffs"), *aff'd*, 643 F. App'x 616 (9th Cir. 2016). This Court does the same and dismisses the complaint without leave to amend.

### III. CONCLUSION

For the reasons explained above, Ms. LaFlam's complaint is DISMISSED without leave to amend and her motion for a temporary restraining order is DENIED AS MOOT. Dkt. Nos. 2, 5. The Clerk of Court is directed to close this case.

Dated this 6th day of June, 2025.

Lauren King
United States District Judge