UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIENNE LAFLAM,<br><br>    Plaintiff,<br>  v.<br><br>MARK HILLMAN et al.,<br><br>    Defendants. | CASE NO. 2:25-cv-01039-LK<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT AND EMERGENCY MOTION FOR PARTIAL STAY OF STATE COURT PROCEEDINGS |

This matter comes before the Court on Plaintiff Adrienne LaFlam's Rule 59(e) motion to amend the judgment entered against her. Dkt. No. 9. Ms. LaFlam also moved for an emergency partial stay of the state court proceedings pending the Court's review of her Rule 59(e) motion. Dkt. No. 11-1. The Court denies the Rule 59(e) motion, and in doing so, it clarifies the basis for *Younger* abstention. The emergency motion for a partial stay is denied as moot, and this action remains terminated.

### I.   BACKGROUND

Ms. LaFlam brought this action against King County Superior Court and its judicial officers, Judge Patrick Oishi, Commissioner Mark Hillman, and Commissioner Jonathan Lack.

Dkt. No. 5. She challenged a May 15, 2025 court order that bans her from contacting her children without paid professional supervision. *Id.* at 2. Ms. LaFlam alleged that the order was issued without an evidentiary hearing and ignored her financial hardship and request for disability accommodations. *Id.* Because Ms. LaFlam lacked the financial resources to hire a paid professional to supervise her contacts with her children, she contended that the King County Superior Court's order was a de facto termination of custody without a finding that she is unfit. *Id.* She further alleged that the King County Superior Court's actions were unfair, discriminatory, and retaliatory, and sought an order from this Court enjoining the state court's order, thereby restoring some contact with her children. *Id.* at 2, 5–6. She also sought protection from further retaliation and reimbursement of her legal costs. *Id.* at 6.

On June 2, 2025, Ms. LaFlam moved for a temporary restraining order. Dkt. No. 2. The next day, Judge Tsuchida granted her application to proceed *in forma pauperis* but recommended that the complaint be screened under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 4. On June 9, the Court dismissed Ms. LaFlam's complaint based on *Younger* abstention principles and denied her motion for a temporary restraining order as moot. Dkt. No. 6. The Court entered its judgment that same day. Dkt. No. 8.

On June 24, 2025, Ms. LaFlam moved under Rule 59(e) to amend the judgment against her, Dkt. No. 9, and moved on July 8 for an emergency partial stay of the state court proceedings pending the Court's review of the 59(e) motion, Dkt. No. 11-1.

## II. DISCUSSION

A. **Legal Standard**

Under Rule 59(e), a party may move to have the court amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v.*

1 *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

Finally, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

**B.  Ms. LaFlam's Rule 59(e) Motion is Denied**

Ms. LaFlam first argues that *Younger* abstention was improper because the state court denied her an adequate opportunity to litigate her federal claims due to systemic procedural barriers. Dkt. No. 9 at 4–5. She cites *Gibson v. Berryhill*, 411 U.S. 564 (1973) and *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876 (9th Cir. 2011), which hold that *Younger* does not apply if the state forum is inadequate or if extraordinary circumstances exist, such as bad faith or harassment. *See also Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (describing exceptions to *Younger* abstention).

As the Court noted in its prior order, Dkt. No. 6 at 5, federal courts must assume state procedures are adequate unless there is "unambiguous authority" showing otherwise, *Baffert*, 332 F.3d at 619. Along with her motion, Ms. LaFlam submits several exhibits in support of her

ORDER DENYING MOTION TO AMEND JUDGMENT AND EMERGENCY MOTION FOR PARTIAL STAY OF STATE COURT PROCEEDINGS - 3

argument that state procedures are inadequate, *see* Dkt. No. 9-3, but they do not establish—let alone unambiguously—that the state forum is structurally incapable of addressing her federal claims. As an initial matter, most of these exhibits are not "newly discovered" evidence—which is required by Rule 59(e)—because they predate the federal complaint, which was filed on June 2. *See* Dkt. 9-3 at 2 (describing exhibits). Substantively, the exhibits also do not tend to show that the state forum is inadequate. For example, the April 16, 2025 case management order—which Ms. LaFlam says "[s]hows denial of forum access and contradicts the court's assumption that state courts offered an 'adequate opportunity' to assert federal claims," Dkt. No. 9-3 at 10—places guardrails on Ms. LaFlam's ability to file motions and pleadings, and orders her to follow the applicable procedural rules, *see id.* at 14–15. Far from unambiguously demonstrating that the state court is structurally inadequate or biased, the case management order was an appropriate response by the court to manage its docket in light of Ms. LaFlam's "incessant and vexatious filings," which average out at nearly one filing per business day in the 2025 calendar year (over 100 filings as of April 16). *Id.* at 13 (also noting that Ms. LaFlam "litigates by email," sending the bailiff 15 emails in the prior six days). The other exhibits similarly demonstrate Ms. LaFlam's frustration with the pace and procedural requirements of the state court, but do not show that the state forum is inadequate. *Gibson*'s rule that *Younger* does not apply where the state forum is inherently biased or incompetent to hear the federal issues does not apply here. *Gibson*, 411 U.S. at 577.

Ms. LaFlam also argues that this case does not implicate *Younger* because this case does not fall into any of the *Sprint* categories for which *Younger* abstention is appropriate. Dkt. No. 9 at 10 (citing *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013)). The *Younger* abstention doctrine embodies the "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Though "[i]n the main, federal courts are obliged to decide cases within the scope of federal jurisdiction," *Sprint*, 571 U.S. at 72,

ORDER DENYING MOTION TO AMEND JUDGMENT AND EMERGENCY MOTION FOR PARTIAL STAY OF STATE COURT PROCEEDINGS - 4

"there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is 'the normal thing to do.'" *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989) (quoting *Younger*, 401 U.S. at 45). Out of this deference to state comity, *Younger* and its progeny have identified three categories of "exceptional" situations in which the prospect "of undue interference with state proceedings" triggers *Younger* abstention. *Id.* at 359, 367–68. Those three categories are: (1) where there is a pending state criminal prosecution; (2) where there is a pending civil enforcement proceeding; or (3) where there is a pending civil proceeding "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 72–73 (quoting *New Orleans*, 491 U.S. at 367–68).

      Not all state domestic relations proceedings fit into one of the *Sprint* categories. For example, in *Cook v. Harding*, the Ninth Circuit held that was improper to abstain in a civil dispute between two private parties each claiming parental rights over triplets born in a surrogacy arrangement. 879 F.3d 1035, 1038–41 (9th Cir. 2018). The plaintiff had filed a federal suit challenging the constitutionality of a state statute, California Family Code Section 7962, which "authorizes the judicial determination of legal parentage in accordance with the terms of a gestational surrogacy agreement." *Id.* at 1038. The plaintiff was already party to a pending action in state court to enforce the surrogacy agreement when she filed her federal complaint. *Id.* The district court abstained under *Younger*, and the Ninth Circuit panel reversed, holding that the state court action was not a civil enforcement proceeding brought by the state and did not involve the state's interest in enforcing the orders and judgments of its courts. *Id.* at 1038–41. As to the latter category (the state's interest in enforcing orders and judgments), the panel noted that plaintiff was challenging the constitutionality of a state law, and the suit did not "question the [state court's] process[.]" *Id.* at 1041.

ORDER DENYING MOTION TO AMEND JUDGMENT AND EMERGENCY MOTION FOR PARTIAL STAY OF STATE COURT PROCEEDINGS - 5

This case is different from *Cook* in that way. Unlike in *Cook*, Ms. LaFlam brings this action against the state judicial officers (and not, for example, her co-parent who is the other party in the state case) and challenges their administration of the case. The complaint focuses on the process by which the state court issued its immediate restraining order. *See generally* Dkt. No. 5. Ms. LaFlam asks the Court to find that the state court's immediate restraining order was invalid due to procedural errors, and to enjoin that order based on those procedural defects. *See id.* at 2 ("This action does not seek review of any final custody determination or intervention in the merits of state family law. Rather, Plaintiff seeks . . . to halt the . . . enforcement of a procedurally defective order.").

This case thus falls into the *Sprint* category requiring abstention to prevent federal interference with state judicial operations. *Sprint*, 571 U.S. at 70 ("federal courts should refrain from interfering with pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." (citation modified)); *Redd v. Guerrero*, 84 F.4th 874, 889 n.9 (9th Cir. 2023) (this category "applies where the federal litigant seeks to negate certain state court orders issued in a civil proceeding"); *see also Morancy v. Salomon*, No. 24-12505, 2025 WL 1341957, at *2 (11th Cir. May 8, 2025) (*Younger* abstention warranted where pro se litigant used 42 U.S.C. § 1983 to challenge perceived misconduct in an ongoing state family law proceeding and sought a federal injunction to halt or redirect that proceeding); *Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *2–4 (7th Cir. Jan. 17, 2023) (*Younger* abstention was appropriate in a case alleging that the defendants conspired with the state court judge to limit plaintiff's parental rights under 42 U.S.C. §§ 1983 and 1985 and that her rights under the Americans with Disabilities Act were violated by the state custody proceedings; "a federal ruling here would inappropriately insert the federal courts into an ongoing state family-court proceeding—an area of law traditionally reserved for the states"); *Silver v. Court of Common*

ORDER DENYING MOTION TO AMEND JUDGMENT AND EMERGENCY MOTION FOR PARTIAL STAY OF STATE COURT PROCEEDINGS - 6

*Pleas of Allegheny Cty.*, 802 F. App'x 55, 58 (3d Cir. 2020) (*Younger* abstention warranted in constitutional challenge to a gag order issued in a child custody case); *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (a pending state proceeding that involved an order requiring a parent to pay the fee for their child's court-appointed attorney in a family court proceeding was entitled to *Younger* abstention because the order implicated the way New York courts manage their divorce and custody proceedings, an area in which the state has an especially strong interest).

In sum, the state proceedings here are ongoing and are judicial in nature, implicate important state interests (the duty to protect the best interest of children in custody proceedings, *see* Wash. Rev. Code §§ 26.09.002, 26.11.040), and provide an adequate opportunity to raise federal claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* abstention is warranted.

### III. CONCLUSION

For the reasons explained above, Ms. LaFlam's Rule 59(e) motion is DENIED. Dkt. No. 9. Ms. LaFlam's emergency motion for a partial stay of the state court proceedings is DENIED as moot. Dkt. No. 11-1.

Dated this 9th day of July, 2025.

Lauren King
United States District Judge